UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DAVID VIALIZ,
  Plaintiff,

 v.         CASE NO. 3:11-cv-59(RNC)

JAMES DZURENDA, et al.,
  Defendants.

## RULING AND ORDER

  The plaintiff, a Connecticut inmate proceeding pro se, brings this action under 42 U.S.C. § 1983. In his original complaint, he named eight defendants: James Dzurenda, Michael Lajoie, Captain Regan, C.S. Mudano, Counselor Moss, Medical Supervisor Furey, Medical Supervisor Dolan and Medical Supervisor Wollenhaupt. The complaint alleged that the plaintiff has a medical need for special footwear due to a painful condition and that his requests for special footwear had been ignored as had his complaints of pain. Pursuant to 28 U.S.C. § 1915A, the Court reviewed the complaint and dismissed all claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., plus all other claims against the named defendants except Medical Supervisor Dolan. See Doc. 4.

  Since then, the plaintiff has filed two motions to resubmit defendants and two amended complaints. In the motions to resubmit defendants, he seeks to add factual allegations against some of the defendants named in the original complaint and also seeks to add other persons as defendants. In the second amended complaint, he names eighteen defendants and adds claims unrelated

to his foot condition and need for special shoes.

Leave to amend is granted when justice so requires. Fed. R. Civ. P. 15(a)(2). Leave to amend should be denied when the amendment fails to state a claim. <u>Hunt v. Alliance North Am. Gov't Income Trust, Inc.</u>, 159 F.3d 723, 728 (2d Cir. 1998). Leave to amend should also be denied if the amendment seeks to add a new defendant in violation of the limits on permissive joinder of defendants. Under Rule 20(a)(2) of the Federal Rules of Civil Procedure, permissive joinder of defendants is allowed only if a "right to relief is asserted against them jointly, severally or in the alternative arising out of the same transaction, occurrence, or series of transactions" and "a question of law or fact common to all [of them] will arise in the action." Fed. R. Civ. P. 20(a)(2).

The original complaint in this action concerns the plaintiff's medical need for special footwear. The allegations in the second amended complaint against defendants Mundano, David Gregory, Lucy, Tugie and Chris Chomroi relate to acts or omissions that allegedly interfered with the plaintiff's access to courts. These allegations are unrelated to the allegations in the original complaint. The claims against Lisa Bisset, Patty and Gloria Jones relate to providing the plaintiff with medication and copies of medical records but these claims also are unrelated to the denial of medical care for foot problems alleged in the original complaint. Permitting the plaintiff to

2

amend the complaint to add these unrelated claims against new defendants would not comport with the requirements of Rule 20(a)(2). Accordingly, the plaintiff will not be permitted to amend the complaint to include the claims against these defendants in this action. The plaintiff can assert these claims in separate actions if he chooses. See Williams v. Kurk, No. C 10-02146 JF(PR), 2011 WL 4436235, at *1 (N.D. Cal. Sept. 23, 2011) (dismissing without prejudice misjoined causes of action raised in amended complaint). See also Gillion v. Federal Bureau of Prisons, 424 Fed. Appx. 722, 725-26 (10th Cir. 2011) (prisoner's attempt to join unrelated claims against numerous officials properly refused); Nasious v. City and County of Denver-Denver Sheriff's Dep't, 415 Fed. Appx. 877, 881 (10th Cir. 2011) (affirming determination that plaintiff failed to comply with Rule 20(a)(2) when he included in complaint three separate and unrelated sets of claims against three separate and unrelated sets of defendants, but noting that magistrate judge should have dismissed or severed improperly joined parties instead of directing plaintiff to choose which set of claims would proceed); Wilson v. Bruce, 400 Fed. Appx. 106, 108 (7th Cir. 2010) (district court properly ruled that prisoner's complaint misjoined claims because no single transaction or occurrence connected all the named defendants).

The allegations against the remaining defendants relate in some manner to the plaintiff's medical needs arising from the

condition of his feet.  The court reviews these allegations under 28 U.S.C. § 1915A to determine whether the plaintiff has stated cognizable claims against any of the remaining newly added or restored defendants.

In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).  Though detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp, 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff has now named as a defendant Dr. Helen Macuil, a podiatrist mentioned in the original complaint.  He also names Nancy Hill, a nurse.  The allegations against Dr. Macuil were included in the original complaint and the allegations against

4

Nurse Hill relate to the plaintiff's foot problems. The claims against these persons are sufficiently related to the claims in the original complaint to be pursued in one action.

The plaintiff also names Dr. Fedus, another podiatrist, who allegedly was involved in treating plaintiff's painful feet at Willard Correctional Institution. Plaintiff alleges that Dr. Fedus told him to request special shoes from the lieutenant in charge of his housing unit. Am. Compl., Doc. 14, ¶¶ 92, 95. Plaintiff seems to be trying to sue Dr. Fedus for deliberate indifference to a serious medical need. But he alleges no harmful acts or omissions by Dr. Fedus evincing deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 104-06 (1976) (to establish deliberate indifference to a serious medical need, plaintiff must provide evidence of sufficiently harmful acts or omissions and intent to either deny or unreasonably delay access to needed medical care or the wanton infliction of unnecessary pain by prison personnel). Thus, he fails to state a plausible claim against Dr. Fedus.

Finally, the plaintiff attempts to restore defendants Dzurenda, Lajoie, Furey and Wollenhaupt and add defendants Whidden and Kendrick. These are all suprevisory officials. The plaintiff alleges generally that these defendants created or condoned the policy of denying his request for special shoes or permitting inmates to wear ill-fitting shoes. Am. Compl. at 7 and 30, ¶ 96.

Supervisors are not automatically liable under section 1983 when subordinates commit a constitutional tort. To establish a claim for supervisory liability, the plaintiff must demonstrate one or more of the following criteria: (1) the defendant actually and directly participated in the alleged acts; (2) the defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant created or approved an unconstitutional policy or custom or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in his supervision of the correctional officers who committed the constitutional violation; or (5) the defendant was deliberately indifferent to the plaintiff's rights by failing to act in response to information that unconstitutional acts were occurring. See Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003). The plaintiff also must demonstrate a causal link between the supervisor's wrongful acts or omissions and the plaintiff's injury. See Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002).[1]

Here, the plaintiff has alleged no facts suggesting that defendants Dzurenda, Lajoie, Whidden, Kendrick, Wollenhaupt and Furey were involved in or even aware of the incidents alleged.

---

[1] In Iqbal the Supreme Court found that a supervisor can be held liable only "through the official's own individual actions." 129 S. Ct. at 1948. This decision arguably casts doubt on the continued viability of some of the categories for supervisory liability. The Second Circuit has not revisited the criteria for supervisory liability following Iqbal. See Gonzalez v. Sarreck, No. 08 Civ. 3661, 2011 WL 5051341,at *14 n.3 (S.D.N.Y. Oct. 24, 2011).

6

Nor has the plaintiff alleged facts showing the existence of a department-wide policy prohibiting an inmate from obtaining special shoes even though they are medically required. As a result, the plaintiff has failed to state a plausible claim against defendants Dzurenda, Lajoie, Whidden, Kendrick, Wollenhaupt and Furey.

Accordingly,

ORDERS

In accordance with the foregoing, it is hereby ordered:

(1) The plaintiff's motions to re-submit defendants [**Docs. 5, 6**] are **GRANTED** to the extent that the plaintiff seeks to add Dr. Macuil and Nurse Hill as defendants and **DENIED** in all other respects.

(2) The second amended complaint will be served on Dr. Macuil and Nurse Hill only.

(3) The case will proceed against defendants Dolan, Macuil and Hill only.

(4) All claims in the second amended complaint against defendants Bisset, Mudano, Gregory, Lucy, Tugie, Patty, Jones and Chomroi are dismissed without prejudice in accordance with the limits on permissive joinder of defendants under Rule 20(a)(2).

(5) All claims against defendants Fedus, Dzurenda, Lajoie, Whidden, Kendrick, Wollenhaupt and Furey are dismissed pursuant to 28 U.S.C. § 1915A.

(6) The Pro Se Prisoner Litigation Office will verify the

current work addresses for Dr. Macuil and Nurse Hill with the Department of Correction Office of Legal Affairs, mail waiver of service of process request packets containing the second amended complaint to each defendant in her individual capacity within fourteen (14) days of this Order, and report to the court on the status of those waiver requests on the thirty-fifth (35) day after mailing. If either defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office will make arrangements for in-person service by the U.S. Marshals Service on the defendant in her individual capacity and the defendant will be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(7) The Pro Se Prisoner Litigation Office will send written notice to the plaintiff of the status of this action, along with a copy of this Order.

It is so ordered this 8th day of November 2011.

/s/
Robert N. Chatigny
United States District Judge