```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

DAVID VIALIZ,                      :
                                   :
         Plaintiff,                :
                                   :
V.                                 :   Case No. 3:11CV00059 (RNC)
                                   :
JAMES DZURENDA, et al.,            :
                                   :
         Defendant.                :
```

## RULING

Plaintiff David Vializ, a former Connecticut inmate proceeding pro se, brings this action under 42 U.S.C. § 1983 against Connecticut Department of Correction employees claiming that they were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Defendants seek summary judgment on the ground that plaintiff has failed to present evidence from which a reasonable jury could infer that they knew of and disregarded a substantial risk to his health as required to demonstrate deliberate indifference. I agree and therefore grant the motion for summary judgment.

## I. Background

The evidence in the record, viewed most favorably to the plaintiff, shows the following. Plaintiff suffers from Type II diabetes. Pl.'s Opp'n, Pl.'s Aff. ¶ 8 (ECF No. 47, Attach. A). The shoes he received upon his transfer to Carl Robinson Correctional Institution, although the appropriate size (8), were too narrow, id. ¶ 9, and caused cracked heels, calluses, spurs, bleeding, a broken toe nail, irritated skin, fungus and pain,

none of which plaintiff had prior to his imprisonment.  Id. ¶¶ 7, 17.  The injuries were exacerbated because plaintiff, who is overweight, had to walk approximately one mile per day to and from the dining hall and other prison activities, id. ¶ 10, and because he was allergic to the rubber heels of the shoe.  Pl.'s Am. Compl. ¶ 11 (ECF No. 14).

On October 8, 2010, plaintiff submitted a commissary order form requesting a pair of size 8-wide shoes; two months later he was informed that the shoes he requested were not available in that size.  See Pl.'s Opp'n, Pl.'s Aff. ¶ 12 (ECF No. 47, Attach. A).  Plaintiff alleges that he was unable to obtain wide-width shoes or diabetic therapeutic shoes via the commissary order form.  Id. ¶ 13.  The order form indicates that the only shoe readily available in a wide width was the "Brown Desert Boot."  Pl.'s Opp'n (ECF No. 47-1, Ex. 2).[1]  The form contains the following message: "If you have a size that is not available in any of these choices the commissary will find a shoe in your size for you.  The commissary will not find footwear for reasons other than size restrictions.  Medical issues must be handled through the medical department."  Id.

---

[1] The form on its face does not support the assertion made in the affidavit of Joel R. Ide that "[s]everal of the items found on the order form can be purchased in wide widths."  Defs.' Mot. for Summ. J., Aff. of Joel R. Ide, ¶ 10 (ECF No. 45-7, Attach. D).  That said, plaintiff does not submit evidence indicating that he was unable to order any other shoe in a size 8 wide.

Plaintiff requested an appointment with a podiatrist.  On November 15, 2010, he was seen in the Carl Robinson medical department by defendant Helen Macuil, a licensed practical nurse, and Dr. Glassman, a podiatrist.  Pl.'s Opp'n, Pl.'s Aff. ¶ 19 (ECF No. 47, Attach. A).  He told Macuil that he was diabetic and allergic to rubber and that his shoes were causing him injury and pain, Pl.'s Am. Compl. ¶¶ 10-11 (ECF No. 14), and he asked her to order a pair of Dr. Scholl's therapeutic shoes.  Pl.'s Opp'n, Pl.'s Aff. ¶ 19 (ECF No. 47, Attach. A).  Plaintiff alleges that Macuil and Glassman mocked his request, told him that he could order shoes through the commissary, and prescribed Urea cream, which he alleges is not supposed to be applied on broken skin.  Id. ¶¶ 19, 21.  Medical records indicate that at the time of this appointment with Dr. Glassman, plaintiff had a broken toe nail and dry, cracked feet with no signs of infections.  Defs.' Mot. for Summ. J., Aff. of Henry Fedus ¶ 29 (ECF No. 45-4, Attach. G).  According to Dr. Fedus, a podiatrist, neither cracked toe nails nor dry scaly skin warrant special footwear or put plaintiff at risk of diabetic complications.  Id.

The next day, November 16, 2010, plaintiff wrote to defendant Erinn Dolan, a medical supervisor, requesting wide-soled shoes.[2]  Pl.'s Opp'n, Pl.'s Aff. ¶ 23 (ECF No. 47, Attach.

---

[2] The request reads, in full: "Dear Medical supervisor Dolan.  I saw H. Macuil RN Podiatry on November 15, 2010.  I am suffering from calluses on my feet, due to the fact, that I have

A); Pl.'s Mot. to Submit Disc., Inmate Complaint (ECF No. 41, Ex. 3, at *14). Dolan denied the request, indicating that wide-sized shoes were available in the commissary. Pl.'s Mot. to Submit Disc., Inmate Complaint (ECF No. 41, Ex. 3, at *14)

On December 17, 2010 plaintiff was in pain and bleeding and went to the medical department. A nurse gave him bandages and ointment, which he asserts were insufficient or inappropriate to treat his condition. Pl.'s Am. Compl. ¶¶ 24-25 (ECF No. 14). He was referred to podiatry. Pl.'s Opp'n, Pl.'s Aff. ¶ 25 (ECF No. 47, Attach. A).

The next day, December 18, 2010, plaintiff met with defendant Nancy Hill, a registered nurse, in the infirmary. He told her about his painful and bleeding feet. Id. ¶ 26. She told him he was wasting her time, Pl.'s Am. Compl. ¶ 32 (ECF No. 14), and denied him medical attention or treatment. Pl.'s Opp'n, Pl.'s Aff. ¶ 26 (ECF No. 47, Attach. A). Plaintiff asked for her name, which she perceived as a threat. Id.,; Pl.'s Am. Compl. ¶ 34 (ECF No. 14). She then instructed a correctional officer to give plaintiff a ticket and send him to segregation as punishment. Pl.'s Opp'n, Pl.'s Aff. ¶ 26 (ECF No. 47, Attach.

---

wide feet. I need a pair of wide, size 8 shoes with your permission. 9601 is attached." Pl.'s Mot. to Submit Disc., Inmate Complaint (ECF No. 41, Ex. 3, at *14). In the attached Inmate Request Form, plaintiff described pain in his toe and a callus and reiterated his need for wide-soled shoes. Pl.'s Mot. to Submit Disc., Inmate Complaint (ECF No. 41, Ex. 3, at *15).

A).  The officer did not think that plaintiff had made a threat and sent him to his dormitory.  Id.  Although plaintiff did not receive an assessment or treatment, Hill deducted $3.00 from his inmate account.  Pl.'s Am. Compl. ¶ 38 (ECF No. 14).  Plaintiff complained to Dolan that Hill had denied him treatment, threatened, and harassed him; Dolan's written response indicated that he had been referred to podiatry.  Pl.'s Opp'n, Pl.'s Aff. ¶ 27 (ECF No. 47, Attach. A); Pl.'s Opp'n, Inmate Request Form (ECF No. 47-1, Ex. 7 at *2).[3]  Ultimately, plaintiff bought Reebok sandals, intended as shower shoes, to accommodate his wide feet. Pl.'s Opp'n, Pl.'s Aff. ¶ 28 (ECF No. 47, Attach. A).

In February 2011, plaintiff was transferred to Osborn Correctional Institute, where he sought treatment for his feet. Pl.'s Am. Compl. ¶¶ 51, 62 (ECF No. 14).  He refused treatment when it was offered, however, because Macuil was working that day.  Id. at ¶ 65; Pl.'s Mot. to Submit Disc., Inmate Request Form (ECF No. 41, Ex. 6 at *35).  In March 2011, he was

---

[3] The plaintiff's complaint reads: "Dear Medical Supervisor Dolan, this is a complaint about a nurse that refused to give me medical treatment.  I am entitled to medical treatment under the ADA.  Here name is RN Hill, she worked 8-4 today Sat.  She did not let me show her what is wrong with me and she threaten me with a ticket after I asked her name.  She told me that I been writing to many request papers, she harassed me.  I don't trust your medical staff.  Please explain to her that under the ADA she was supposed to examine and treat me if she really is a nurse. . . ."  Dolan responded: "You were seen 12/17/10 by nursing and referred to podiatry - the issue you describe is not an ADA issue."  Pl.'s Opp'n, Inmate Request Form (ECF No. 47-1, Ex. 7, at *2).

transferred to Willard-Cybulski Correctional Institute, where he refused treatment because he would have been seen by Macuil. Pl.'s Am. Compl. ¶¶ 68-70 (ECF No. 14); Pl.'s Mot. to Submit Discov., Inmate Request Form (ECF No. 41, Ex. 6, at *36).  On May 6, 2011, the plaintiff was examined by Dr. Fedus, who diagnosed him with neurpoathy and dry skin.  Pl.'s Am. Compl. ¶ 92 (ECF No. 14); Defs.' Mot. for Summ. J., Aff. of Henry Fedus ¶ 37 (ECF No. 45-4, Attach. G).  Fedus prescribed medicine to treat the neuropathy and fungus and told plaintiff to obtain wide footwear from the commissary.  Pl.'s Am. Compl. ¶ 93 (ECF No. 14); Defs.' Mot. for Summ. J., Aff. of Henry Fedus ¶ 37 (ECF No. 45-4, Attach. G).

Plaintiff was released from custody on November 18, 2011. Pl.'s Opp'n, Pl.'s Aff. ¶ 31 (ECF No. 47, Attach. A).  Post-release medical examinations indicated fungus, calluses, a calcaneal spur and minimal degenerative osteophytosis.  <u>Id.</u> at ¶¶ 33, 35, 37-38; Pl.'s Opp'n, Medical Records (ECF No. 47-2, Pl.'s Exs. 10, 12-15).  On June 6, 2012, a podiatrist at the Charter Oak Health Center prescribed plaintiff orthotic shoes and inserts.  Pl.'s Opp'n, Pl.'s Aff. ¶ 36 (ECF No. 47, Attach. A); Pl.'s Opp'n, Medical Records (ECF No. 47-2, Ex. 13).

On this basis, plaintiff asserts a claim of deliberate indifference to his medical needs against defendants Macuil, Hill and Dolan, contending that he was wrongfully denied appropriate

6

treatment for his feet and should have been given orthopedic footwear or wide-width shoes.

II. Motion for Summary Judgment

The defendants argue that they are entitled to summary judgment because no reasonable jury could find that their failure to provide plaintiff with special footwear or other treatment for his feet constituted deliberate indifference in violation of the Eighth Amendment. To prevail on his claim, plaintiff must satisfy a two-part test. First, the alleged deprivation of adequate medical care must be objectively "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the prison official must consciously disregarded a substantial risk of serious harm to the inmate. Id. at 837.

"Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation." Smith v. Carpenter, 316 F.3d 178, 184 (2d Cir. 2003); see also Cuoco v. Moritsugu, 222 F.3d 99, 107 (2d Cir. 2000)(medical malpractice claims do not necessarily establish deliberate indifference, although they might rise to that level if there is conscious disregard of a substantial risk of serious harm). The Constitution does not entitle inmates to the medical treatment of their choice. Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986). Instead, "[s]o long as the

7

treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998).  Moreover, "[t]he judgment of prison doctors is presumed valid unless the prisoner provides evidence that the decision was such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision on such judgment." Richardson v. Blanchette, 3:03CV1621 (AWT), 2006 WL 496010, at *7 (D. Conn. Mar. 1, 2006).

For purposes of the present motion, defendants concede that plaintiff, a diabetic, had a serious medical condition.  They contend, however, that a jury could not find that they acted with the requisite culpable state of mind.  I agree.

First, as to defendant Dolan, plaintiff does not provide evidence from which a jury could reasonably infer that she consciously disregarded a substantial risk of serious harm. Plaintiff's claim against Dolan arises out of her alleged mishandling of two complaints that he submitted about his medical care.  His first complaint, submitted November 16, 2010, noted that he suffered from calluses and toe pain because of wide feet and requested wide shoes; the complaint did not mention diabetes. Pl.'s Mot. to Submit Discov., Inmate Request Form (ECF No. 41, Ex. 3, at *15).  Dolan had access to plaintiff's medical file,

8

but the file would have indicated that his treating podiatrist did not recommend special footwear.  Moreover, Dolan's response to the complaint indicates that she believed that plaintiff could acquire wide shoes in the commissary, id.; indeed, he was required to do so if such a request was made for size purposes and not at the recommendation of a medical professional.  See Pl.'s Opp'n (ECF No. 47-1, Ex. 2).  Similarly, Dolan's response to plaintiff's second complaint - which he submitted on December 18, 2010 grieving Hill's conduct during his appointment with her - does not demonstrate that she disregarded a substantial risk of serious harm.  Dolan explained, as his medical records indicated, that plaintiff had been referred to podiatry.  Pl.'s Opp'n, Inmate Request Form (ECF No. 47-1, Ex. 7, at *2).  Plaintiff does not present evidence to suggest that Dolan should have known that such a referral would be or was insufficient to address his ailments.[4]

Summary judgment is also warranted as to the claim against Hill.  Plaintiff alleges that Hill refused to treat him.  The day before he saw Hill, however, plaintiff received ointment and bandages for his feet from a nurse and was referred to podiatry.

---

[4] As described above, plaintiff subsequently refused podiatry examinations on two occasions before receiving care from Dr. Fedus; in a prior ruling, the Court determined that plaintiff had failed to allege a plausible claim of deliberate indifference against Dr. Fedus. Ruling and Order, Nov. 8, 2011 (ECF No. 19) at *5.

Pl.'s Am. Compl. ¶¶ 24-25(ECF No. 14); Pl.'s Opp'n, Pl.'s Aff. ¶ 25 (ECF No. 47, Attach. A).  Plaintiff does not provide evidence suggesting that Hill could or should have provided any additional treatment, or that her failure to do so disregarded a known, serious risk to his feet.  Dr. Fedus, upon review of plaintiff's medical files, noted that the calluses and dry feet with which plaintiff presented on December 17, the day before he saw Hill, did not warrant diabetic footwear nor put plaintiff at risk of complications associated with diabetes.  Defs.' Mot. for Summ. J., Aff. of Henry Fedus ¶ 31 (ECF No. 45-4, Attach. G). Plaintiff has presented no evidence to the contrary.  Moreover, to the extent plaintiff needed specialized podiatry care, Hill, a registered nurse, could not have provided it; indeed, plaintiff already had a pending podiatry referral.  <u>See</u> Defs.' Mot. for Summ. J., Aff. of Patricia Wollenhaupt ¶ 9 (ECF No. 45-6, Attach. E)("[I]f the inmate-patient requires treatment beyond the skill of defendant Hill, a medical visit with the appropriate medical provider will be arranged and appropriate treatment will follow.").

    Defendant Macuil is also entitled to summary judgment. Macuil is not a podiatrist.  She is a licensed practical nurse accountable for rendering bedside care and mental health services when the services of a registered nurse are not required.  Id. ¶ 8.  The evidence does not support a finding that she made

10

decisions about plaintiff's care.  As discussed above, the record shows that she was present on November 15, 2010, when plaintiff was seen by Dr. Glassman, who diagnosed a cracked toe nail and dry skin, conditions that neither Dr. Glassman nor Dr. Fedus determined to warrant special footwear.  Defs.' Mot. for Summ. J., Aff. of Henry Fedus ¶ 29 (ECF No. 45-4, Attach. G).  The record shows that plaintiff subsequently refused to be treated by Macuil.  Plaintiff alleges that Macuil mocked him.  However, verbal abuse does not violate the Constitution.  <u>Purcell v. Coughlin</u>, 790 F.2d 263, 265 (2d Cir. 1986).

Plaintiff's evidence concerning the diagnoses and care that he received after his release from prison does not provide a basis for an Eighth Amendment claim.  That a doctor prescribed orthotic footwear for the plaintiff months later would not permit a jury to reasonably find that any of the defendants consciously disregarded a substantial risk of serious harm to the plaintiff, especially given the defendants' reasonable expectation that he could obtain properly fitting footwear through the commissary.

<u>III. Conclusion</u>

Accordingly, defendants' motion for summary judgment (ECF No. 45) is hereby granted.  The Clerk may enter judgment in favor of the defendants and close the file.

So ordered this 24th day of March, 2013.

                                                                                   /s/RNC
                                                Robert N. Chatigny
                                     United States District Judge